**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**WILLIE JAMES BUSH,**

**Plaintiff,**

**v.** **Case No. 1:13-cv-76-HJW**

**SECRETARY OF THE DEPT.**
**OF VETERANS AFFAIRS, et al.,**

**Defendants**

**ORDER**

**This matter is before the Court upon the defendants' "Motion to Dismiss" (doc. no. 9). The Magistrate Judge recommended that the pro se plaintiff's complaint be dismissed on several grounds, including lack of subject-matter jurisdiction and failure to state a claim for relief (doc. no. 20, Report and Recommendation); Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff filed "Objections" (doc. no. 22), and the United States responded. This Court has fully considered the record, including the pleadings, exhibits, objections, responses, and replies. Upon *de novo* review, the Court will overrule the plaintiff's objections and adopt the Report and Recommendation, for the following reasons:**

**On February 7, 2013, plaintiff filed in federal court a pre-printed complaint form that did not include any factual allegations. He indicated, in his own words, that he wants the Court to make the "United States pay me 227.6 Trillion dollars for damages the the (sic) Dept. of Veterans Affairs has cause (sic) me + my family for the last 33 years!" (doc. no. 5 at 4). He indicates "this claim is thirty-three**

**years old!" and gives instructions on how he wants to be paid (doc. no. 5-1 at 3). Plaintiff attached a prior administrative tort claim, consisting of the following paragraph:**

> **"Filing lawsuit against United States, because US Air Force and Cincinnati VAMC didn't do a thorough job in checking out injuries from motorcycle accident (right foot), plus hearing lost due to work on flightline and US Post Office as mechanic! Regional Office sitting on claim and not processing for compensation and pension and update for 100% disability" (doc. no. 5-1 at 2).**

**He attaches additional documents, including: 1) a one-page letter from his doctor indicating that the injury to plaintiff's right foot and ankle is "a thirty-two year old injury" (doc. no. 5-1 at 18); 2) medical records from a September 21, 2012 hearing evaluation, reflecting "normal range" (Id. at 20-21); 3) an audiologist's 2008 progress notes regarding plaintiff's complaints of "dizziness" (Id. at 24, 26-27); and 4) a letter dated January 14, 2013 from the Department of Veterans Affairs, informing plaintiff that his administrative tort claim was denied (Id. at 4). The record reflects that plaintiff served on active duty in the United States Air Force February 1972 – October 1980 (doc. no. 24-1 at 2). While en route to an assignment in April 1980, he was injured in a motorcycle accident. He later worked for the US Post Office 1982 - 2005 (doc. no. 5-1 at 26).**

**Although plaintiff appears to be bringing a claim under the Federal Tort Claims Act, his complaint reflects no basis for bringing such a claim. As the Magistrate Judge aptly observed, the gist of plaintiff's complaint is that "he was denied a 100% disability rating by the Veterans Administration based on his hearing loss and foot injury" (doc. no. 20 at 2). In other words, plaintiff is**

**complaining of a *benefits determination* by the Veterans Administration, based on his disability rating for service-connected injuries he incurred many years ago. Although plaintiff's allegations are vague as to time, an October 25, 2012 letter from plaintiff's own doctor confirms that "this is a thirty-two year old injury" (doc. no. 5-1 at 18).**

**This Court agrees with the Magistrate Judge's conclusion that dismissal is appropriate. First, the intra-military doctrine enunciated in Feres v. United States, 340 U.S. 135 (1950) precludes consideration of FTCA claims for injuries incident to military service, such as plaintiff's injuries from the motorcycle accident. Second, claims for veteran's benefits are governed exclusively by the Veterans Judicial Review Act ("VJRA"), and the Court for Veterans Appeals has exclusive jurisdiction over appeals from final decisions of the Bureau of Veterans Affairs. 38 U.S.C. § 7252(a). The record indicates that plaintiff has previously appealed the benefits decision. Plaintiff may not challenge such decision here.**

**Plaintiff's reply confirms that he is attempting to challenge the benefits decision (doc. no. 24). He complains that the Department of Veterans Affairs "does not do their job" (sic) and that he is "referring to: United States Court of Appeals for Veterans Claims, No. 12-1616, Willie J. Bush, Jr. v. Eric Shinseki, Secretary of Veterans Affairs." He attaches a copy of such decision, with various parts inexplicably blacked out. He also attaches another decision, In the Appeal of Willie J. Bush, Jr., Docket No. 01-06-149, dated January 16, 2014 (doc. no. 24-1 at 9), which indicates the court was reviewing a disability "rating decision issued by the Dept. of Veterans Affairs." As the Magistrate Judge correctly**

**recommended, this court has no jurisdiction over such benefits determinations. Even though the Court is sympathetic to plaintiff's frustration at not obtaining the benefits he feels he is due, this Court is not the proper forum to challenge those benefits decisions.**

**In response to plaintiff's objections, the United States correctly points out that even under the liberal treatment afforded pro se litigants, the plaintiff's generalized objection that the "VA does not do its job" is not a proper objection based on any specific facts or law. The plaintiff's objections may be overruled on that basis alone. See Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir. 1991) (observing that general objections are insufficient); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (objections must be specific); Smith v. Detroit Fed. of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987) (same). To the extent plaintiff attempts to assert new allegations in his reply to the objections, parties generally may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. U.S., 200 F.3d 895, 902 fn.1 (6th Cir. 2000).**

**One final point bears mentioning. Given the lack of clarity in the pro se plaintiff's complaint, the Magistrate Judge appropriately considered the possibility that plaintiff was attempting to allege a claim of "medical malpractice." The Court finds that plaintiff's minimal allegations do not adequately plead such a claim. Even assuming that plaintiff is attempting to assert this claim, the Magistrate Judge correctly pointed out that such claim would be subject to dismissal because plaintiff failed to file the necessary "affidavit of merit" required by Ohio Civil Rule 10(D)(2). The majority of district courts within this circuit have**

**held that such rule is substantive and must be applied in FTCA actions in federal court. See Bennafield v. U.S., 2013 WL 5173221, *1 (N.D.Ohio) (J. Adams) ("the Court finds itself in agreement with what appears to be the overwhelming majority position that these types of requirements are substantive and not in conflict with federal rules"). When a plaintiff fails to attach the required affidavit of merit, courts may properly dismiss the action. See, e.g., Willis v. Dept. of Vet. Affairs, 2013 WL 3155785 (S.D.Ohio) (J. Graham) (dismissing complaint with prejudice pursuant to Rule 12(b)(6)); Daniel v. United States, 716 F.Supp.2d 694 (N.D.Ohio) (J. Gaughan) (same)); Bierbauer v. Manenti, 2010 WL 4008835, *10 (N.D.Ohio) (J. Lioi) (same).**

**With his objections, plaintiff resubmitted several documents previously attached to his complaint (see doc. no. 5-1 at 18, 20-21) and added the hand-written caption "affidavit of merit" on them (doc. no. 22-1 at 3-5).[1] Such documents do not satisfy the substantive requirements of the Ohio rule. The affidavit of merit must be from an expert qualified under Evid. R. 601(D) and 702 and must include statements that the affiant (1) has reviewed all medical records reasonably available, (2) is familiar with the applicable standard of care, and (3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. Ohio Civ. R. 10(D)(2); Fletcher v. Univ. Hosp. of Cleveland, 120 Ohio St.3d 167, 169 (2008) (reciting requirements of rule). The rule is designed to "ensure that only those plaintiffs truly aggrieved by the hands of the medical**

**[1] These documents are: 1) a one-page doctor's letter, dated October 25, 2012, about plaintiff's 32-year old injury to his right foot and ankle; and 2) several pages of test results from his 2012 hearing test.**

**profession have their day in court". Id. The documents supplied by plaintiff do not comply with the rule.**

**Courts may properly deny leave to cure a deficient affidavit of merit where amendment would be futile. See, e.g., Bierbauer v. Manenti, 2010 WL 4008835, *10 (N.D.Ohio) (J. Lioi) (dismissing case and noting that "even if plaintiff amended the complaint by attaching a certificate of merit, his FTCA claims would be barred under the statute of limitations."). Here, amendment would be futile. As already discussed, any claim for injuries incident to his military service would be barred by the *Feres* doctrine. Any claim alleging medical malpractice decades ago would also be time-barred. Kennedy v. U.S. Veterans Admin., 526 Fed.Appx. 450 (6th Cir. 2013) (holding that FTCA statute of limitations applied to medical malpractice claim against VA, and plaintiff had two years from accrual of claim to file administrative claim, and then six months from denial of administrative claim to file federal complaint) (citing 28 U.S.C.A. §§ 1346(b), 2401(b)); Schappacher v. U.S., 475 F.Supp.2d 749, 754 (S.D.Ohio 2007) ("In a medical malpractice case brought pursuant to the FTCA, the accrual of the cause of action occurs when a plaintiff discovers that he has been injured and discovers who has inflicted the injury.").**

**To the extent plaintiff's complaint could be construed as alleging medical malpractice based on more recent medical evaluations, such as his 2012 hearing test, the complaint does not allege any resulting personal injury. Plaintiff merely disagrees with the doctor's assessment, which apparently has hampered plaintiff's quest for benefits. For example, plaintiff complains that a Veterans Law**

**Judge rendered a benefits decision based on the "quack doctor (Lindy Imfante's) medical evaluation of me" and that "this is one example of the VA not doing their (sic) job and delaying compensation for the veteran!" (doc. no. 24).[2]**

**Although a pro se complaint must be liberally "construed as to do substantial justice," Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003), courts should not "conjure up unpled allegations" or construct a plaintiff's arguments for him, Erwin v. Edwards, 22 Fed.Appx. 579, 580 (6th Cir. 2001). The Court finds that plaintiff's allegations cannot reasonably be construed as stating a claim for "medical malpractice." A cause of action for medical malpractice is a type of personal injury claim, and the complaint does not allege that plaintiff suffered any bodily-harm from any deficient medical care by VA physicians. See Bruni v. Tatsumi, 46 Ohio St.2d 127, ¶ 1 of syllabus (1976) (identifying the elements for medical malpractice); Culp v. Olukoga, 2013 WL 6199306, *17 (Ohio App. 4 Dist.) (the breach of the applicable standard of medical care must have directly and proximately caused the plaintiff's injury). Plaintiff merely disagrees with the medical assessments that his disability rating is based on. He "disagrees" because he wants a 100% disability rating in order to obtain benefits. Plaintiff's objections and reply confirm that he is complaining of his benefits determination. In sum, plaintiff has not stated a claim for medical malpractice, and thus, providing an affidavit of merit (or curing a deficient one) would be pointless.**

**For all the reasons discussed above, plaintiff's objections are without merit and his complaint is subject to dismissal.**

---

[2] **None of the attached medical records bear such doctor's name.**

**Accordingly, the defendants' "Motion to Dismiss" (doc. no. 9) is GRANTED; the plaintiff's "Objections" (doc. no. 22) are OVERRULED; and the Magistrate Judge's Report and Recommendation (doc. no. 20) is ADOPTED.**

**This case is DISMISSED and TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

**s/Herman J. Weber**

**Herman J. Weber, Senior Judge**

**United States District Court**